[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This suit in three counts was initiated on August 10, 1999, by Linda Ares Palermo in her capacity as Conservator of the Estate of her mother Felisa Ares. Linda Ares Palermo and her brother were appointed conservators of their mother's person in November of 1996 and appointed as conservators of her property in December of 1996. Since that time, the brother has resigned as conservator of his mother's property. Since November of 1998, the ward, Felisa Ares, has resided with her daughter, Linda Ares Palermo. Prior to that time, she had lived for thirty-two years at 990 Stratford Road in Stratford, Connecticut. Linda Palermo is representing the estate of her mother on a pro se basis. By her own admission, she has had over twenty years' experience representing herself in other litigation.
The defendants in this case are Steven J. Cleary and his wife, Donna C. Cleary, who moved into the premises adjoining Felisa Ares in December of 1994 at 980 Stratford Road. The only witnesses who testified were Mrs. Palermo and Mrs. Cleary who were called by the plaintiff. The defendants rested without calling any witnesses. Mrs. Ares did not CT Page 7447 testify. She was described in a report by Dr. Joel S. Feigenson, at least as January 11, 2000, as suffering from Parkinson's disease and dementia and requiring twenty-four hour constant supervision.
In the first count of the complaint against Steven J. Cleary, the plaintiff at various times accuses Mr. Cleary of harassment, reckless endangerment and a violation of Connecticut General Statute § 53a-59a
et seq. That section describes the elements of Assault of a person sixty or older in the first degree. No evidence was presented that Mr. Cleary at any time assaulted Mrs. Ares.
The count further alleges specifically on June 1, 1997, that Mr. Cleary perpetrated acts of harassment as described in paragraphs 4, 5 and 6 of that count. No evidence to support those factual allegations was ever offered.
At trial, in support of the harassment claim, Mrs. Palermo testified that after a prejudgment hearing before Judge William Mottolese in the case of Donna Cleary v. Felisa Ares for injuries caused Mrs. Cleary in an assault by Mrs. Ares on June 1, 1997, in which a prejudgment remedy in the amount of Thirty-five Thousand Dollars was issued, that service of that order was made once by a sheriff at her mother's home in late 1998. (See plaintiff's exhibit 4.) Mrs. Palermo thereafter testified that she went to her mother's house again in December of 1998, January of 1999 and again two weeks later and found copies of the prejudgment papers stuck in the door. She claims that to be evidence of harassment. There was no evidence that her mother ever saw those papers and, more importantly, no evidence that Mr. Cleary placed them there.
There simply was no evidence offered to support the claims made in the First Count and judgment for the defendant Steven J. Cleary will enter.
As to the second count against Mrs. Cleary alone, she is charged with assaulting Mrs. Ares on June 1, 1997. Mrs. Palermo called Mrs. Cleary to testify as to that incident. Mrs. Cleary testified that as she was leaving her premises with her husband and children in the family car, they observed a suspicious person to the rear of a neighbor's house (Lipinski) and she got out of. the car, went to the neighbor's door, rang the bell and as Mrs. Cleary was coming down the step, she was assaulted by Mrs. Ares. She testified that neither she nor her husband struck Mrs. Ares.
Mrs. Cleary thereafter sued Mrs. Ares for injuries Sustained in the assault. At a prejudgment hearing in that suit, Judge Mottolese ordered a $35,000 prejudgment remedy and the case was eventually settled for $14,000. Apparently after the assault, Mrs. Ares was taken first to the CT Page 7448 Stratford Police Department and then to the Trumbull Police Department. Mrs. Palermo was not a witness to the earlier assault and first saw her mother that day at Trumbull Police Headquarters. Mrs. Palermo testified she later observed on her mother's chest a fist-sized bruise. No evidence was presented as to how that bruise was caused.
All of the credible evidence clearly indicates that Mrs. Ares assaulted Mrs. Cleary on June 1, 1997, and she was eventually compensated by Mrs. Ares' insurance company. There is no evidence that Mrs. Cleary assaulted Mrs. Ares and judgment shall enter for the defendant, Mrs. Cleary, on the Second Count.
The third count as against both defendants is a purported claim for defamation. Although many earlier paragraphs in Counts 1 and 2 were re-alleged as a part of Count 3, the main focus of the claim seems to be contained in paragraphs 16, 17 and 18 of that count. To the extent that as a result of any of the paragraphs from either Counts 1 or 2 are the basis of a claim of defamation in Count 3, judgment may enter for the defendants as to those allegations as there is no proof to support them.
Mrs. Palermo did testify as to the facts contained in paragraphs 16, 17 and 18 of the Third Count. In those paragraphs she alleges that both Clearys lied and defamed her mother in the prejudgment remedy hearing before Judge Mottolese on October 26, 1998. This is the prejudgment matter previously mentioned arising out of Mrs. Cleary's claim for assault by Mrs. Ares. Mrs. Palermo offered as plaintiff's exhibit 2 a portion of Mrs. Cleary's transcript testimony in that hearing; in particular, she refers to lines 25 and 26 wherein Mrs. Cleary testified that some time prior to the alleged assault on June 1, 1997, that Mrs. Ares had "pulled up her nightgown to her husband and I have Polaroid pictures at the Stratford Police Department." The plaintiff also offered as a part of plaintiff's exhibit 1 a set of photographs she received from the Stratford Police Department that she claims disproves that. They simply do not. The quality of the pictures is so poor that they are hardly recognizable, but they do appear to show someone lifting up an item of clothing.
Based on this single claimed incident, the plaintiff has failed to prove any element of a defamation, most importantly that the statement was false, and judgment shall enter for Mrs. Cleary.
As to the claimed defamation by Steven Cleary, the plaintiff introduced as plaintiff's exhibit 2b a portion of Mr. Cleary's testimony before Judge Mottolese on October 26, 1998, in that same prejudgment remedy hearing. She never called Mr. Cleary as a witness. After describing the assault on June 1, 1997, Mr. Cleary was asked generally to describe Mrs. CT Page 7449 Ares' overall mental health and mental state and as a part of his answer and the only part claimed by the plaintiff as defamatory he said:
 "I had the property surveyed, she would pick all up all the stakes along her property line. I was addressing her while she was doing it and she pulled her skirt up. I was taking pictures."
Mrs. Palermo claimed that each of these statements was tantamount to a claim of indecent exposure of her mother's genitalia. That claim has no merit. The plaintiff has totally failed to prove the statement was false and was thus potentially defamatory. All Mr. Cleary said was he took pictures, not that he captured anything specific in them. Again, the pictures offered do not support the plaintiff's claim of defamation.
The plaintiff has totally failed to prove this count, and judgment on it will enter in favor of Mr. Cleary.
 ___________________ GORMLEY, J.